# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, ) | |
| ) | Civil Action No.: 2:17-cv-00252-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mr. John McKay, *Former Sgt. of Kershaw Correctional Institution*; Jane or John Doe, *KRCI Caseworker*; Mrs. Mellisa Williams, *KRCI Lt.*; Mrs. FNU Henderson, *KCRI Lt.*; Mr. FNU Hunter, *Lt. of KRCI*; Mr. FNU Ford, *KRCI Major*; Mr. David Dunlap, *Warden of KRCI*; Mr. Donnie Stonebreaker, *Associate Warden of KRCI*; Mr. Gregory LNU, *Grievance Hearing Officer*; and Mrs. FNU Ventura, *Kiosk Records Officer*, *in their individual capacities*, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation filed on August 18, 2017. (ECF No. 16.) The Report recommends that the court: (1) deny Plaintiff Bernard McFadden ("Plaintiff") permission to proceed *in forma pauperis* and vacate the prior Order (ECF No. 7) granting Plaintiff permission to proceed *in forma pauperis*; (2) provide Plaintiff with twenty-one (21) days to pay the appropriate filing fee; and (3) dismiss the Complaint (ECF No. 1), without prejudice, if Plaintiff fails to timely pay the appropriate filing fee and order the Clerk of Court of the United States District Court for the District of South Carolina to enter the "required final judgment" at the close of the twenty-one (21) day period. (*Id.* at 15.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 16) and incorporates it herein. Accordingly, the court **VACATES** the prior Order (ECF No. 7)

1

providing Plaintiff with permission to proceed *in forma pauperis* and **DENIES** Plaintiff permission to proceed *in forma pauperis*, **ORDERS** Plaintiff to pay the appropriate filing fee within twenty-one (21) days, and **ORDERS THE DISMISSAL** of Plaintiff's Complaint (ECF No. 1) **if Plaintiff fails to timely pay the filing fee**. If Plaintiff pays the appropriate filing fee, the court **REFERS** this matter to the Magistrate Judge for further pre-trial proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 16 at 1–2.) As background, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on January 24, 2017.[1] (ECF No. 1-2 at 2.) Plaintiff alleges that caseworkers "knowingly and willfully [made] his cell assignments with mental health or non-Christian inmates," which led to his harassment. (ECF No. 1 at 4.) Additionally, Plaintiff claims that on or about January 30, 2015, he was assaulted by a "psychotic cafeteria worker" and received little medical attention after being pepper sprayed by prison authorities. (*Id.* at 4–5.) Plaintiff contends that other inmates observed the cafeteria worker's "apparent disorders and/or odd behaviors." (*Id.* at 5.) Plaintiff also alleges that he was retaliated against for "continuing to document and wanting to report [the South Carolina Department of Corrections'] crime of [] transporting, storing, and serving adulterated poultry." (*Id.*) According to Plaintiff, his rights under the First Amendment of the United States Constitution were violated by prison officials when he wanted to report the crime involving the adulterated poultry. (*Id.* at 6.) Plaintiff seeks a total sum

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). The envelope containing Plaintiff's Complaint indicates, by stamp, that it was delivered to prison officials on January 24, 2017. (ECF No. 1-2 at 2.) Therefore, pursuant to *Houston*, Plaintiff's Complaint was filed on January 24, 2017. 487 U.S. at 275.

2

of ten million dollars and zero cents ($10,000,000.00) in damages from Defendants Mr. John McKay, Jane or John Doe, Mrs. Mellisa Williams, Mrs. FNU Henderson, Mr. FNU Hunter, Mr. FNU Ford, Mr. David Dunlap, Mr. Donnie Stonebreaker, Mr. Gregory LNU, and Mrs. FNU Ventura (collectively, "Defendants"). (*Id.* at 29.)

The Magistrate Judge filed her Report on August 18, 2017. (ECF No. 16.) Within the Report, the Magistrate Judge found that "Plaintiff appears to have at least three strikes" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which bars him from proceeding *in forma pauperis* in the present action. (*Id.* at 10–11.) Additionally, the Magistrate Judge determined that Plaintiff has engaged in a "longstanding, clear pattern of abusive filings" and described him as a "prolific filer of meritless § 1983 actions." (*Id.* at 12.) According to the Magistrate Judge, Plaintiff has been a party in over thirty § 1983 actions, many of which involve complaints about "the quality and quantity of food being served in prison," cell assignments, fellow inmates, the law library, drug screenings, and much more. (*Id.* at 12–13.) Because Plaintiff is not in any imminent danger of serious physical injury, especially given that he has been released, the Magistrate Judge further found that the court should exercise its discretion to deny Plaintiff permission to proceed *in forma pauperis*. (*Id.* at 11–14.) The Magistrate Judge ultimately recommends that the court do the following: (1) deny Plaintiff permission to proceed *in forma pauperis* and vacate the prior Order (ECF No. 7) granting Plaintiff permission to proceed *in forma pauperis*; (2) provide Plaintiff with twenty-one (21) days to pay the appropriate filing fee; and (3) dismiss the Complaint (ECF No. 1), without prejudice, if Plaintiff fails to timely pay the appropriate filing fee and order the Clerk of Court for the District Court of South Carolina to enter the "required final judgment" at the close of the twenty-one (21) day period. (*Id.* at 15.)

The parties were apprised of their opportunity to file specific, written objections to the

Report on February 20, 2019. (*Id.* at 16.) Plaintiff filed his Objections to the Report on September 13, 2017. [2] (ECF No. 18.) However, objections to the Report were due by September 4, 2017, because Plaintiff was served by mail. (ECF No. 16.) Defendants did not file any objection to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the

---

[2] At this juncture, Plaintiff was no longer incarcerated when the Report or his Objections were filed on the court's docket. (ECF No. 15 at 1–3; ECF No. 16 at 2.) Accordingly, the prison mailbox rule, which would permit the filing of his Objections when they were delivered to prison authorities, does not apply because Plaintiff was no longer incarcerated and assumed the risk of using postal services. *See generally Houston*, 487 at 275 ("Thus, whereas the general rule has been justified on the ground that a civil litigant who chooses to mail a notice of appeal assumes the risk of untimely delivery and filing, a pro se prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk." (internal citations omitted)).

4

Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

As a threshold matter, an objection to the Report must be timely. *See Diamond*, 416 F.3d at 315 ("[I]n the absence of *a timely filed objection*, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note)). Here, the Report was filed on August 18, 2017, and Plaintiff's Objections were due by September 4, 2017, because Plaintiff was served by mail, which permitted an additional three (3) days for the filing of his Objections. (ECF No. 16.) Plaintiff's Objections were not filed until September 13, 2017 (ECF No. 18). Because September 13, 2017, is well after September 3, 2017, Plaintiff's Objections are untimely, and the court need not consider them. *See* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Taylor v. Gainey*, F. App'x 426, 427 (4th Cir. 2006) ("Taylor has waived appellate review by failing to

timely file specific objections after receiving proper notice."); *Anderson v. United States*, C/A No. 8:12–3203, 2015 WL 1754530, at *2 (D.S.C. Apr. 17, 2015) ("Because the objections are untimely, Anderson waived this court's review of that order." (citation omitted)).

In the absence of *timely*, written objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199. Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept a recommendation. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Furthermore, a failure to file specific, timely objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Report accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 16.) Accordingly, construing Plaintiff's Objections liberally, the court finds he failed to advance any timely, specific objections to the Report, and the court adopts the Report herein because it does not contain clear error. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a careful examination of the Report and record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein. Accordingly, the court **VACATES** the prior Order (ECF No. 7) providing Plaintiff with permission to proceed *in forma pauperis* and **DENIES** Plaintiff permission to proceed *in forma pauperis*, **ORDERS** Plaintiff to pay the appropriate filing fee within twenty-one (21) days, and **ORDERS THE DISMISSAL** of Plaintiff's Complaint (ECF No. 1) **if Plaintiff fails to timely pay the filing fee**.

If Plaintiff pays the appropriate filing fee, the court **REFERS** this matter to the Magistrate Judge for further pre-trial proceedings.

    **IT IS SO ORDERED.**

                                                                                                   United States District Judge

May 1, 2019
Columbia, South Carolina